UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DUSTI BROXSON,
    Petitioner,

v.                                                     Case No. 6:22-cv-1024-WWB-GJK

WARDEN, RRM, ORLANDO,
    Respondent.

## MEMORANDUM OF LAW

The Warden, RRM, Orlando, by Roger B. Handberg, United States Attorney for the Middle District of Florida, submits the following in response to this Court's July 18, 2022, order, Doc. 9:

*Background*

Petitioner Dusti Nicole Broxson, a federal inmate, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus, Doc. 1, asserting that the Federal Bureau of Prisons ("BOP") has failed to award her program-based sentencing credits available under provisions of the First Step Act of 2018 ("FSA") codified in 18 U.S.C. § 3632. Doc. 1. Broxson currently is in the BOP's Home Confinement Program and is managed by the Residential Re-entry Management Office ("RRM"), or Community Corrections Office for Central Florida located at 6303 County Road 500, Wildwood, Florida 34785, which is within the FCC Coleman Complex. *See* Doc. 6, Appendix 2 (Declaration and Certification of Records by Kenneth Lee Richardson), ¶¶ 3, 7. As noted in this Court's order, Doc. 9 at 3, that location is in Sumter County, Florida,

which is within the Ocala Division of the Middle District of Florida, *see* M.D. Fla. Rule 1.04(a).

## Memorandum of Law

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). This requires "the court issuing the writ to have jurisdiction over the custodian." *Id.* In habeas challenges, therefore, the proper respondent is the inmate's "immediate custodian," and jurisdiction is proper in "the district court that has territorial jurisdiction over the proper respondent." *Id.*, at 444.

Here, Broxson's immediate custodian is the Orlando RRM located at the FCC Coleman Complex, within the Middle District of Florida. This Court, therefore, has jurisdiction to consider Broxson's petition.

Under 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division … shall dismiss, or if it be in the interests of justice, transfer such case to any … division in which it might have been brought." 28 U.S.C. § 1406(a). This Court's local rules provide that "[a] party must begin an action in the division to which the action is most directly connected or in which the action is most conveniently advanced. The judge must transfer the action to the division most consistent with the purpose of this rule." M.D. Fla. R. 1.04(b).

As set forth in the Warden's response to Broxson's petition, Doc. 6, this Court should dismiss Broxson's petition for failure to exhaust administrative remedies or, in the alternative, should deny the petition. Because the Warden is located within the

Ocala Division of this Court, this Court should transfer this case to the Ocala Division for disposition.

 THEREFORE, the Warden respectfully requests that this Court transfer this case to the Ocala Division for disposition.

         Respectfully submitted,

         ROGER B. HANDBERG
         United States Attorney

By: *s/ Roberta Josephina Bodnar*
   ROBERTA JOSEPHINA BODNAR
   Assistant United States Attorney
   Deputy Chief, Appellate Division
   Florida Bar No. 986909
   35 S.E. 1st Ave., Ste. 300
   Ocala, FL 34471
   (352) 547-3600
   roberta.bodnar@usdoj.gov

**Broxson v. Warden, RRM, Orlando**          Case No. 6:22-cv-1024-WWB-GJK

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2022, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant:[1]

Dusti Broxson
4096 Woodfin Circle
Milton, Florida  32571

By: *s/ Roberta Josephina Bodnar*
ROBERTA JOSEPHINA BODNAR
Assistant United States Attorney

---

[1] Broxson did not include an address in her petition. This is the address as provided in Broxson's response to this Court's order. *See* Doc. 10 at 2.