UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DUSTI NICOLE BROXSON,

    Petitioner,

v.                                               Case No:  6:22-cv-1024-WWB-DAB

WARDEN, RRM ORLANDO,

    Respondent.
_____/

## ORDER

THIS CAUSE is before the Court on the Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed by Petitioner pursuant to 28 U.S.C. § 2241. Respondents filed a Response to Petition ("Response," Doc. 6), and the parties also filed Memoranda of Law (Doc. Nos. 10, 11) related to whether venue for this action is appropriate in the Orlando Division of this Court.

Petitioner was convicted and sentenced in the United States District Court for the Northern District of Florida. (Doc. 1 at 2). Petitioner alleges that she is "currently being held in 'home confinement' in the custody of the Bureau of Prisons at RRM Orlando (Residential Re-Entry Manager) . . . ."  (Doc. 1 at 1). It appears that Petitioner currently resides in Milton, Florida. (Doc. 10-2).

The law is clear that the proper venue for a § 2241 petition is the judicial district where Petitioner is confined or where his or her custodian is located. *Braden v. 30th Judicial Circuit Ct.*, 410 U.S. 484, 495-96 (1973); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977) ("The habeas corpus power of federal courts over prisoners

in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located.").

As discussed by Respondents, Petitioner "currently is in the BOP's Home Confinement Program and is managed by the Residential Re-entry Management Office ("RRM"), or Community Corrections Office for Central Florida located at 6303 County Road 500, Wildwood, Florida 34785, which is within the FCC Coleman Complex." (Doc. 11 at 1). That location is in Sumter County, Florida, which is within the Ocala Division of this Court.

Respondent requests that this case be transferred to the Ocala Division. (Doc. 11 at 3). Petitioner argues that, since her custodian is RRM Orlando, the case should remain in this division. However, although referred to as RRM Orlando, there is no dispute that RRM Orlando is located within the FCC Coleman Complex, which is in Sumter County, Florida.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Local Rule 1.04(b) provides that "[a] party must begin an action in the division to which the action is most directly connected or in which the action is most conveniently advanced. The judge must transfer the action to the division most consistent with the purpose of this rule." M.D. Fla. L. R. 1.04(b). Under the circumstances, the Ocala Division is most directly connected to this action, and this action is most conveniently advanced in the Ocala Division, given Respondent's office is there and Petitioner's lack of proximity to either the Orlando or Ocala Division. Thus, this cause will be transferred to the Ocala Division.

Accordingly, it is **ORDERED** and **ADJUDGED t**hat this case shall be **transferred** to the United States District Court, Middle District of Florida, Ocala Division.

**DONE** and **ORDERED** in Orlando, Florida on August 8, 2022.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party